LIZARDI, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 294.—Decided February 24, 1917.

SALE WITH AGREEMENT TO RECONVEY — LOAN — MORTGAGE. — The nullity of an agreement declared in section 2 of Act No. 47 of April 13, 1916, refers to a sale with an agreement to reconvey when it constitutes a contract of loan secured by the property.

ID.—PRESUMPTION—EVIDENCE.—The presumption established by section 1 of Act No. 47 of April 13, 1916, is in favor of the vendor and, according to section 1218 of the Civil Code, exempts him from producing any further proof; but since it is not conclusive, inasmuch as there is no express provision in the Act to the contrary it may be rebutted by other evidence, either direct or indirect, in conformity with section 1219 of the Civil Code and section 100 of the Law of Evidence of March 9, 1905.

ID.—PRESUMPTION JURIS TANTUM—MORTGAGE—RECORD OF MORTGAGE—FORECLOSURE—EVIDENCE.—The presumption *juris tantum* that every sale of real property with an agreement to reconvey is a contract of loan secured by a mortgage on the property in the cases specified in the Act of April 13, 1916, does not actually and positively create a mortgage right in favor of the purchaser; for unless such right is adjudged by the court having juris-

diction it cannot be recorded in the registry even at the request of the presumed mortgagee, nor can he institute summary foreclosure proceedings under the Mortgage Law and its Regulations for the recovery of the loan secured by mortgage. The said presumption was established by the Act so that when the validity of such sale is attacked the presumption may constitute proof of the alleged simulation unless destroyed by evidence to the contrary.

ID.—CONTRACT—INVALIDITY OF CONTRACT—PRESUMPTION.—When the contract of sale with an agreement to reconvey sought to be recorded contains all the requisites prescribed by section 1228 of the Civil Code; namely, consent of the contracting parties, a definite subject-matter and a consideration for the obligation—that is, when the invalidity of the contract does not appear on its face—the registrar is not obliged to refuse to record it, the presumption of its nullity, according to Act No. 47 of April 13, 1916, not being conclusive but subject to discussion by the parties.

ID.—ADMINISTRATIVE APPEAL—FRAUD.—If the refusal of the registrar involves a question of fraud, that question should be decided by a court of jurisdiction in the proper action and after hearing the parties. The registry is not the proper place to pass upon matters involving the facts at issue, nor can they be decided in an administrative appeal.

The facts are stated in the opinion.

*Mr. Joaquín Vendrell* for the appellant.

The registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

María del Carmen Berríos y Polo being indebted to Sergio Lizardi Argueso in the sums of two hundred dollars and fifty-five dollars, which she had received from him in the nature of loans according to public instruments executed on March 17 and April 15, 1916, whereby she secured the payment of the said sums by first and second mortgages on a house owned by her in Santiago Street, Gurabo, the said mortgagee, upon payment by the mortgagor of the two amounts so secured, canceled both mortgages by an instrument of August 28, 1916, in which the said Carmen Berríos y Polo sold the said house to Sergio Lizardi Argueso for the sum of six hundred dollars, which the vendor acknowledged she had received from the vendee, it being agreed that the vendor might redeem the property within a period of seven months, terminating March 31, 1917, after which date the sale would be absolute provided the vendor had not availed

herself of her right of repurchase. It was also covenanted in the deed under clause F that the vendee should enter into the material possession of the property as from the date of the deed without other title than that established by the deed, and also that Sergio Lizardi Argueso leased the house to María del Carmen Berríos y Polo for a monthly rental of six dollars and for a period of seven months, terminating March 31, 1917, the date on which the agreement to reconvey also expired.

The said deed having been presented in the Registry of Property of Caguas for record, the registrar made the cancellation as requested, but refused to record the sale for the reasons stated in the following decision:

"The cancellation referred to in the foregoing document, or deed No. 66, executed before Notary Joaquín Vendrell Joubert in this city on August 28, last, is entered on page 126 of volume 18 of Gurabo, property No. 609, in triplicate, record No. 13; and the record of the conditional sale included in the same deed is denied because it comes within the first and second cases enumerated in section 1 of Act No. 47 (of 1916) to repress usury, and therefore the said sale is presumed to constitute a contract of loan with a mortgage as security, and because the said mortgage contract is void under section 2 of the said Act, since it is stipulated in clause C thereof that the creditor, Sergio Lizardi, shall become the absolute owner of the property covered by the contract in case the debtor, María del Carmen Berríos, should fail to pay the amount due. A cautionary notice is entered, etc."

The foregoing decision is submitted to our consideration by virtue of an administrative appeal taken by Sergio Lizardi Argueso from the part thereof refusing to record the sale.

Sections 1 and 2 of Act No. 47 of April 13, 1916, which are relied on by the registrar in support of the decision appealed from, read as follows:

"Section 1.—That in any of the following cases sales of real estate on reversion (*sic*) shall be presumed to constitute a contract of loan for the amount of the price, with a mortgage on the property sold, as security:

"1. When the buyer fails to enter into material possession of the thing sold.

"2. When the vendor pays to the buyer interest on the selling price, though such interest may be called rental or otherwise.

"3. When a grossly inadequate sum appears in the contract as the price of alienation.

"Section 2.—That any agreement authorizing the mortgagee to adjudicate to himself the property of the mortgagor because of. failure to observe a contract secured by mortgage, is hereby declared null and void."

Section 1 of the said act enumerates three cases in which any sale of real property with an agreement to reconvey constitutes a contract of loan guaranteed by a mortgage on the property sold; and section 2 thereof provides that an agreement authorizing the mortgagee to take title to the property of the mortgagor by virtue of the non-performance of the contract secured by the mortgage, is null and void. Said nullity undoubtedly takes place when the sale with an agreement to reconvey constitutes a contract of loan secured by mortgage.

The presumption to which we have referred, as established by the act, exempts those favored thereby from producing any further proof, according to section 1218 of the Civil Code, and the persons favored are undoubtedly the vendors; but as presumptions established by law, according to section 1219 of the same code, may be destroyed by proof to the contrary, except in cases in which it is expressly prohibited, and as no such prohibition appears in the Act of April 13, 1916, it is obvious that the vendees may take advantage of such provision.

In harmony with the foregoing provisions section 100 of the Law of Evidence of March 9, 1905, prescribes that a presumption (unless declared by law to be conclusive) may be controverted by other evidence, direct or indirect; but unless so controverted the judge or jury will be bound to find according to the presumption.

The presumption *juris tantum* that any sale of real property with an agreement to reconvey constitutes a contract of loan with a mortgage as security in the cases enumerated by the Act of April 13, 1916, does not create a real and absolute mortgage right in favor of the vendee, for unless such right is declared by a court of competent jurisdiction, it cannot be recorded in the registry even upon the petition of the presumed mortgagee; nor can such mortgagee institute the summary proceedings prescribed by the Mortgage Law and its Regulations for the recovery of the loan secured by the mortgage. The act has established the said presumption in order that it may constitute proof of the alleged simulation, unless destroyed, when the validity of a sale with an agreement to reconvey is attacked by suit.

The contract of purchase and sale with an agreement to reconvey, which has been refused admission to record, contains all of the essentials required by section 1228 of the Civil Code, namely, the consent of the contracting parties, a definite subject-matter and a consideration. The nullity thereof does not appear on its face, for the presumption which might vitiate it, relied on by the registrar, is not conclusive and may be made an issue by the parties. The registrar is not bound to refuse to admit an instrument to record unless it is void on its face. *Julio Godreau Company* v. *Registrar of Guayama,* 23 P. R. R. 61. The decision of the registrar involves a question of fraud which must be decided by a court of competent jurisdiction at a proper trial after hearing the parties. The registry is not the place in which to try matters involving disputed questions of fact. *Compañía Azucarera de Carolina* v. *Registrar of Property,* 19 P. R. R. 143.

We refrain from any conclusions as to whether or not the first and second presumptions referred to in section 1 of the Act of April 13, 1916, are present in this case, for that and similar questions which may arise should not be considered in an administrative appeal. See the cases *supra, Compañía Azucarera de Carolina* v. *Registrar of Property,* 19

P. R. R. 143, and *Julio Godreau Company* v. *Registrar of Guayama*, 23 P. R. R. 61.

For the foregoing reasons the decision appealed from should be reversed and the registrar ordered to enter the record denied.

*Reversed.*

Justices Wolf and Aldrey concurred.
Justices del Toro and Hutchison dissented.